# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Home Loan Mortgage Corporation,<br>  its assignees and/or successors,<br><br>                                        Plaintiff,<br>    v.<br>Martin Mercado,<br>  and DOES 1-10, inclusive,<br><br>                                        Defendant. | Case No. 11cv1962 BTM (POR)<br><br>**ORDER REMANDING CASE** |

On May 27, 2011, Plaintiff Federal Home Loan Mortgage Corporation filed an unlawful detainer action against Defendants Martin Mercado and DOES 1-10 in the Superior Court of California, County of San Diego. On June 6, 2011, Martin Mercado filed a demurrer, claiming that Plaintiff's complaint was defective on its face due to defects in the notice to vacate previously provided to Defendant. On August 25, 2011, Defendant Martin Mercado filed a notice of removal in this Court, alleging subject-matter jurisdiction under 28 U.S.C. § 1331. The Court has reviewed Defendant's notice of removal and determines that the district court lacks removal jurisdiction over this action.

The determination of subject-matter jurisdiction under 28 U.S.C. § 1331 ("Federal question") is governed by the "well-pleaded complaint" rule, under which federal jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. of California v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law." <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 (9th Cir. 2000).

Defendant asserts that federal jurisdiction is proper in this action because the "action . . . originally could have been filed in this Court." (Notice of Removal at ¶ 6.) However, Plaintiff's actual well-pleaded complaint states only a single cause of action for unlawful detainer, a state law claim, and therefore does not confer subject-matter jurisdiction on this Court. See <u>Federal Home Loan Mortg. Corp. v. Garcia</u>, No. 1:11-cv-00711, 2011 WL 2433360 at *3 (E.D. Cal. June 13, 2011) (remanding unlawful detainer action for lack of subject-matter jurisdiction); <u>Federal Home Loan Mortg. Corp. v. Munoz</u>, No. 2:11-cv-02186, 2011 WL 1322776 at *2 (C.D. Cal. Apr. 6, 2011) (same); <u>Federal Home Loan Mortg. Corp. Co. N.A. v. Martinez</u>, No. 2:10cv2823, 2010 WL 4942811 at *1 (E.D. Cal. Nov. 30, 2011) (same).

Mercado also asserts that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading, depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal at ¶ 10.) Although a demurrer is a pleading, it is not a complaint. The presence or absence of federal issues in the demurrer has no bearing on whether Mercado can remove this action under the well-pleaded complaint rule. See <u>Gomez v. G.E. Contreras, Inc.</u>, No. CV 09-00168, 2009 WL 363724 at *3 (C.D. Cal. Feb. 12, 2009) (remanding case, despite party's assertion of federal issue in demurrer, because "complaint raise[d] only state law issues").

Under the removal statutes, the Court is obligated to remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  Therefore, the Court remands this action.  The clerk shall remand this action forthwith to the Superior Court of California, San Diego County.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: September 28, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge