# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Federal Home Loan Mortgage Corporation,<br>its assignees and/or successors,<br><br>Plaintiff,<br>v.<br>Martin Mercado,<br>and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 11cv1962 BTM (POR)<br><br>**AMENDED ORDER REMANDING CASE** |
|---|---|

On May 27, 2011, Plaintiff Federal Home Loan Mortgage Corporation filed an unlawful detainer action against Defendants Martin Mercado and DOES 1-10 in the Superior Court of California, County of San Diego. On June 6, 2011, Martin Mercado filed a demurrer, claiming that Plaintiff's complaint was defective on its face due to defects in the notice to vacate previously provided to Defendant. On August 25, 2011, Defendant Martin Mercado filed a notice of removal in this Court, alleging subject-matter jurisdiction under 28 U.S.C. § 1331. The Court has reviewed Defendant's notice of removal and determines that the district court lacks removal jurisdiction over this action.

The determination of subject-matter jurisdiction under 28 U.S.C. § 1331 ("Federal question") is governed by the "well-pleaded complaint" rule, under which federal jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either [1] that

federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. of California v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983).  The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law."  <u>Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 (9th Cir. 2000).

Defendant asserts that federal jurisdiction is proper in this action because the "action . . . originally could have been filed in this Court."  (Notice of Removal at ¶ 6.)  However, Plaintiff's actual well-pleaded complaint states only a single cause of action for unlawful detainer, a state law claim, and therefore does not confer subject-matter jurisdiction on this Court.  See <u>Federal Home Loan Mortg. Corp. v. Garcia</u>, No. 1:11-cv-00711, 2011 WL 2433360 at *3 (E.D. Cal. June 13, 2011)  (remanding unlawful detainer action for lack of subject-matter jurisdiction); <u>Federal Home Loan Mortg. Corp. v. Munoz</u>, No. 2:11-cv-02186, 2011 WL 1322776 at *2 (C.D. Cal. Apr. 6, 2011) (same); <u>Federal Home Loan Mortg. Corp. Co. N.A. v. Martinez</u>, No. 2:10cv2823, 2010 WL 4942811 at *1 (E.D. Cal. Nov. 30, 2011) (same).

Mercado also asserts that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading, depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law."  (Notice of Removal at ¶ 10.)  Although a demurrer is a pleading, it is not a complaint.  The presence or absence of federal issues in the demurrer has no bearing on whether Mercado can remove this action under the well-pleaded complaint rule.  See <u>Gomez v. G.E. Contreras, Inc.</u>, No. CV 09-00168, 2009 WL 363724 at *3 (C.D. Cal. Feb. 12, 2009) (remanding case, despite party's assertion of federal issue in demurrer, because "complaint raise[d] only state law issues").

1       Under the removal statutes, the Court is obligated to remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  Therefore, the Court remands this action.  The clerk shall remand this action forthwith to the Superior Court of California, Imperial County at El Centro.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: <u>October 24, 2011</u>

                                       **HONORABLE BARRY TED MOSKOWITZ**
                                       United States District Judge